# EXHIBIT 1



| | RESIDENTIAL PURCHASE AGREEMENT |
|---|---|
| | (Joint Escrow Instructions and Earnest Money Receipt) |

Date: __July 10, 2009__

1
2
3
4
5 __O C F Properties LLC,__ ("Buyer"), hereby offers to purchase
6 __901 Billings Street, Henderson, NV  89002__ ("Property"),
7 within the city or unincorporated area of __Henderson__, County of __Clark__,
8 State of Nevada, A.P.N. # __179-28-413-045__ for the purchase price of $ __97,500.00__
9 ( __Ninety-Seven Thousand Five Hundred__ dollars) ("Purchase Price") on the terms
10 and conditions contained herein:
11 BUYER ☒ does -OR- ☐ does not intend to occupy the Property as a residence.
12

| Buyer's Offer |
|---|

13
14 I.   FINANCIAL TERMS & CONDITIONS:
15 $ __500.00__   A. EARNEST MONEY DEPOSIT ("EMD") is ☒ presented with this offer -OR- ☐ ____
16
17         *(NOTE: It is a felony in the State of Nevada–punishable by up to four years in prison and a $5,000 fine–to write a*
18         *check for which there are insufficient funds. NRS 193.130(2)(d).)*
19
20 $ _____   B. ADDITIONAL DEPOSIT to be placed in escrow on or before (date) _____. The
21         additional deposit ☐ will -OR- ☐ will not be considered part of the EMD. (Any conditions on the additional
22         deposit should be set forth in Section 28 herein.)
23
24 $ _____   C. THIS AGREEMENT IS CONTINGENT UPON BUYER QUALIFYING FOR A NEW LOAN ON
25         THE FOLLOWING TERMS AND CONDITIONS:
26         ☐ Conventional, ☐ FHA, ☐ VA, ☐ Other (specify) _____
27         Interest: ☐ Fixed rate, _____ years -OR- ☐ Adjustable Rate, _____ years, Initial rate of interest not to
28         exceed _____ %. Initial monthly payment not to exceed $ _____, not including taxes, insurance
29         and/or PMI or MIP.
30
31 $ _____   D. THIS AGREEMENT IS CONTINGENT UPON BUYER QUALIFYING TO ASSUME THE
32         FOLLOWING EXISTING LOAN(S):
33         ☐ Conventional, ☐ FHA, ☐ VA, ☐ Other (specify) _____
34         Interest: ☐ Fixed rate, _____ years -OR- ☐ Adjustable Rate, _____ years. Initial rate of interest not to
35         exceed _____ %. Monthly payment not to exceed $ _____, not including taxes, insurance and/or PMI or MIP.
36
37 $ _____   E. BUYER TO EXECUTE A PROMISSORY NOTE SECURED BY DEED OF TRUST PER TERMS
38         IN "FINANCING ADDENDUM."
39
40 $ __97,000.00__   F. BALANCE OF PURCHASE PRICE (Balance of Down Payment) in cash or certified funds to be paid
41         at Close of Escrow ("COE").
42
43 $ __97,500.00__   G. TOTAL PURCHASE PRICE. (This price DOES NOT include closing costs, prorations, or other fees
44         and costs associated with the purchase of the Property as defined herein.)
45

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name: __O C F Properties LLC,__                BUYER(S) INITIALS: ____ / ____
Property Address: __901 Billings Street Henderson, NV  89002__     SELLER(S) INITIALS: ____ / ____

Rev. 6/09                     ©2009 Greater Las Vegas Association of REALTORS®                    Page 1 of 11
Southwestern Management and Re 2620 Regina 102, Las Vegas NV 89125                  Phone: 7027509733   Fax: 7029253754   Carlos Maysug
SMART                      Produced with ZipForm® by zipLogix  18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

2. **ADDITIONAL FINANCIAL TERMS & CONTINGENCIES:**

   A. **NEW LOAN APPLICATION:** Within ___0___ business days of Acceptance, Buyer agrees to (1) submit a completed loan application to a lender of Buyer's choice; (2) authorize ordering of the appraisal (per lender's requirements); and (3) furnish a preapproval letter to Seller based upon a standard factual credit report and review of debt to income ratios. If Buyer fails to complete any of these conditions within the applicable time frame, Seller reserves the right to terminate this Agreement. In such event, both parties agree to cancel the escrow and return EMD to Buyer. Buyer ☐ does -OR- ☐ does not authorize lender to provide loan status updates to Seller's and Buyer's Brokers, as well as Escrow Officer. Buyer agrees to use Buyer's best efforts to obtain financing under the terms and conditions outlined in this Agreement.

   B. **CASH PURCHASE:** Within ___1___ business days of Acceptance, Buyer agrees to provide written evidence from a bona fide financial institution of sufficient cash available to complete this purchase. If Buyer does not submit the written evidence within the above period, Seller reserves the right to terminate this Agreement.

   C. **APPRAISAL:** If an appraisal is required as part of this agreement, or requested by Buyer, and if the appraisal is less than the Purchase Price, the transaction will go forward if (1) Buyer, at Buyer's option, elects to pay the difference and purchase the Property for the Purchase Price, or (2) Seller, at Seller's option, elects to adjust the Purchase Price accordingly, such that the Purchase Price is equal to the appraisal. If neither option (1) or (2) is elected, then Parties may renegotiate; if renegotiation is unsuccessful, then either Party may cancel this Agreement upon written notice, in which event the EMD shall be returned to Buyer.

3. **SALE OF OTHER PROPERTY:**
   A. This Agreement
   ☒ is not -OR-
   ☐ is contingent upon the sale (and closing) of another property which address is _____

   B. Said Property
   ☐ is currently listed
   ☐ is not -OR- ☐ is
   presently in escrow with _____
   Escrow Number: _____ Proposed Closing Date: _____

   When Buyer has accepted an offer on the sale of this other property, Buyer will promptly deliver a written notice of the sale to Seller. If Buyer's escrow on this other property is terminated, abandoned, or does not close on time, this Agreement will terminate without further notice unless the parties agree otherwise in writing. If Seller accepts a bona fide written offer from a third party prior to Buyer's delivery of notice of acceptance of an offer on the sale of Buyer's property, Seller shall give Buyer written notice of that fact. Within three (3) days of receipt of the notice, Buyer will waive the contingency of the sale and closing of Buyer's other property, or this Agreement will terminate without further notice. In order to be effective, the waiver of contingency must be accompanied by reasonable evidence that funds needed to close escrow will be available and Buyer's ability to obtain financing is not contingent upon the sale and/or close of any other property.

4. **FIXTURES AND PERSONAL PROPERTY:** The following items will be transferred, free of liens, with the sale of the Property with no real value unless stated otherwise herein. Unless an item is covered under Section 7(E) of this Agreement, all items are transferred in an "AS IS" condition.

   A. All EXISTING fixtures and fittings including, but not limited to: electrical, mechanical, lighting, plumbing and heating fixtures, ceiling fan(s), fireplace insert(s), gas logs and grates, solar power system(s), built-in appliance(s), window and door screens, awnings, shutters, window coverings, attached floor covering(s), television antenna(s), satellite dishe(s), private integrated telephone systems, air coolers/conditioner(s), pool/spa equipment, garage door opener(s)/remote control(s), mailbox, in-ground landscaping, trees/shrub(s), water softener(s), water purifiers, security systems/alarm(s);

   B. The following additional items of personal property: as listed in the GLVAR print out # 849660 dated 07-10-09

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name: O C P Properties LLC          BUYER(S) INITIALS: _____
Property Address: 901 Billings Street
Henderson, NV 89002                          SELLER(S) INITIALS: _____
Rev. 6/09          ©2009 Greater Las Vegas Association of REALTORS®


5. **ESCROW:**

   A. **OPENING OF ESCROW:** The purchase of the Property shall be consummated through Escrow ("Escrow"). Opening of Escrow shall take place by the end of one (1) business day after execution of this Agreement ("Opening of Escrow"), at _____STERLING ESCROW COMPANY_____ title or escrow company ("Escrow Company" or "ESCROW HOLDER") with _____GERRY BERRY 702-737-8887_____ ("Escrow Officer") (or such other escrow officer as Escrow Company may assign). Opening of Escrow shall occur upon Escrow Company's receipt of this fully accepted Agreement and receipt of the EMD (if applicable). ESCROW HOLDER is instructed to notify the Parties (through their respective Brokers) of the opening date and the Escrow Number.

   B. **EARNEST MONEY:** Upon Acceptance, Buyer's EMD as shown in Section 1(A), and 1(B) if applicable, of this Agreement, shall be deposited per the Earnest Money Receipt Notice and Instructions contained herein.

   C. **CLOSE OF ESCROW:** Close of Escrow ("COE") shall be on (date) _____September 18, 2009_____. If the designated date falls on a weekend or holiday, COE shall be the next business day.

   D. **IRS DISCLOSURE:** Seller is hereby made aware that there is a regulation which became effective January 1, 1987, that requires all ESCROW HOLDERS to complete a modified 1099 form, based upon specific information known only between parties in this transaction and the ESCROW HOLDER. Seller is also made aware that ESCROW HOLDER is required by federal law to provide this information to the Internal Revenue Service after COE in the manner prescribed by federal law.

   E. **FIRPTA:** If applicable, Seller agrees to complete, sign, and deliver to ESCROW HOLDER a certificate indicating whether Seller is a foreign person or a nonresident alien pursuant to the Foreign Investment in Real Property Tax Act (FIRPTA). A foreign person is a nonresident alien individual; a foreign corporation not treated as a domestic corporation; or a foreign partnership, trust or estate. A resident alien is not considered a foreign person under FIRPTA. Buyer and Seller understand that if Seller is a foreign person then the Buyer must withhold a tax in an amount to be determined by ESCROW HOLDER in accordance with FIRPTA, unless an exemption applies. Seller agrees to sign and deliver to the ESCROW HOLDER the necessary documents, to be provided by the ESCROW HOLDER, to determine if withholding is required. (See 26 USC Section 1445).

6. **TITLE INSURANCE:** Upon COE, Buyer will be provided with the following type of title insurance policy:
   ☐ CLTA; ☒ ALTA-Residential; -OR- ☐ ALTA-Extended (including a survey, if required).

7. **PRORATIONS, FEES AND EXPENSES** (Check appropriate box):
   A. **TITLE AND ESCROW FEES:**

| TYPE | PAID BY SELLER | PAID BY BUYER | 50/50 | N/A |
|---|---|---|---|---|
| Escrow Fees | ☐ | ☐ | ☒ | ☐ |
| Lender's Title Policy | ☐ | ☐ | ☐ | ☐ |
| Owner's Title Policy | ☒ | ☐ | ☐ | ☒ |
| Real Property Transfer Tax | ☒ | ☐ | ☐ | ☐ |
| Other: _____ | ☐ | ☐ | ☐ | ☐ |

   B. **PRORATIONS:**

| TYPE | PAID BY SELLER | PRORATE | N/A |
|---|---|---|---|
| CIC (Common Interest Community) Assessments | ☒ | ☐ | ☐ |
| CIC Periodic Fees | ☒ | ☐ | ☐ |
| SIDs / LIDs / Bonds / Assessments | ☐ | ☐ | ☐ |
| Sewer Use Fees | ☐ | ☐ | ☒ |
| Real Property Taxes | ☐ | ☒ | ☐ |
| Other: _____ | ☐ | ☐ | ☐ |

All prorations will be based on a 30-day month and will be calculated as of COE. Prorations will be based upon figures available at closing. Any supplementals or adjustments that occur after COE will be handled by the parties outside of Escrow.

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name: _____O C F Properties LLC_____  BUYER(S) INITIALS: _____/_____
Property Address: _____901 Billings Street_____
_____Henderson, NV 89002_____  SELLER(S) INITIALS: _____/_____
Rev. 6/09    ©2009 Greater Las Vegas Association of REALTORS®

Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

Page 3 of 11

Carlos Moyiuio.

C. INSPECTIONS AND RELATED EXPENSES (See also Section 12):
Acceptance of this offer is subject to the following reserved right. Buyer may have the Property inspected and select the licensed contractors, certified building inspectors and/or other qualified professionals who will inspect the Property. Seller will ensure that necessary utilities (gas, power and water) are turned on and supplied to the Property within two (2) business days after execution of this Agreement, to remain on until COE. (It is strongly recommended that Buyer retain licensed Nevada professionals to conduct inspections.)

| TYPE | PAID BY SELLER | PAID BY BUYER | 50/50 | WAIVED |
|---|---|---|---|---|
| Appraisal | ☒ | ☐ | ☐ | ☐ |
| CIC Capital Contribution | ☒ | ☐ | ☐ | ☐ |
| CIC Transfer Fees | ☒ | ☐ | ☐ | ☐ |
| CLUE Report ordered by Seller | ☐ | ☐ | ☐ | ☒ |
| Fungal Contaminant Inspection | ☐ | ☐ | ☐ | ☒ |
| Home Inspection | ☐ | ☒ | ☐ | ☐ |
| Mechanical Inspection | ☐ | ☒ | ☐ | ☐ |
| Oil Tank Inspection | ☐ | ☐ | ☐ | ☒ |
| Pool/Spa Inspection | ☐ | ☐ | ☐ | ☒ |
| Roof Inspection | ☐ | ☐ | ☐ | ☒ |
| Septic Inspection (requires pumping) | ☐ | ☐ | ☐ | ☒ |
| Septic Lid Removal | ☐ | ☐ | ☐ | ☒ |
| Septic Pumping | ☐ | ☐ | ☐ | ☒ |
| Soils Inspection | ☐ | ☐ | ☐ | ☒ |
| Structural Inspection | ☐ | ☒ | ☐ | ☐ |
| Survey _____ (type) | ☐ | ☐ | ☐ | ☐ |
| Termite/Pest Inspection | ☐ | ☒ | ☐ | ☐ |
| Well Inspection (Quantity) | ☐ | ☐ | ☐ | ☒ |
| Well Inspection (Quality) | ☐ | ☐ | ☐ | ☒ |
| Wood-Burning Device/Chimney Inspection (includes cleaning) | ☐ | ☐ | ☐ | ☒ |
| Other: _____ | ☐ | ☐ | ☐ | ☒ |
| Re-Inspections | ☐ | ☐ | ☐ | ☒ |

If any inspection is not completed and requested repairs are not delivered to Seller within the Due Diligence Period, Buyer is deemed to have waived the right to that inspection and Seller's liability for the cost of all repairs that inspection would have reasonably identified had it been conducted, except as otherwise provided by law.

D. CERTIFICATIONS:

| TYPE | PAID BY SELLER | PAID BY BUYER | 50/50 | WAIVED |
|---|---|---|---|---|
| Fungal Contaminant | ☐ | ☐ | ☐ | ☒ |
| Roof | ☐ | ☐ | ☐ | ☒ |
| Septic | ☐ | ☐ | ☐ | ☒ |
| Well | ☐ | ☐ | ☐ | ☒ |
| Wood-Burning Device/Chimney Certification | ☐ | ☐ | ☐ | ☒ |
| Other: _____ | ☐ | ☐ | ☐ | ☐ |

The foregoing expenses for inspections and certifications will be paid outside of Escrow unless the Parties present instructions to the contrary prior to COE (along with the applicable invoice). A certification is not a warranty. Notwithstanding the above elections, in the event an inspection reveals problems with any of the foregoing, Buyer reserves the right to require a certification.

E. SELLER'S ADDITIONAL COSTS AND LIMIT OF LIABILITY: Seller agrees to pay a maximum amount of $ __0__ to correct defects and/or requirements disclosed by inspection reports, appraisals, and/or certifications. It is Buyer's responsibility to inspect the Property sufficiently as to satisfy Buyer's use. Buyer reserves the right to request additional repairs based upon the Seller's Real Property Disclosure. Items of a general maintenance or

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name: O C F Properties LLC    BUYER(S) INITIALS: _____
Property Address: 901 Billings Street, Henderson, NV 89002    SELLER(S) INITIALS: _____
Rev. 6/09    ©2009 Greater Las Vegas Association of REALTORS®    Page 4 of 11
Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com
Carlos Moyano

cosmetic nature which do not materially affect value or use of the Property, which existed at the time of Acceptance and which are not expressly addressed in this Agreement are deemed accepted by the Buyer, except as otherwise provided in this section. The Brokers herein have no responsibility to assist in the payment of any repair, correction or deferred maintenance on the Property which may have been revealed by the above inspections, agreed upon by the Buyer and Seller or requested by one party.

F. **LENDER'S FEES:** In addition to Seller's expenses above, Seller will contribute $ __0__ to Buyer's Lender's Fees and Buyer's Title and Escrow Fees ☐ including -OR- ☐ excluding costs which Seller must pay pursuant to loan program requirements. Different loan types (e.g., FHA, VA, conventional) have different appraisal and financing requirements, which will affect the parties' rights and costs under this Agreement.

G. **HOME PROTECTION PLAN:** Buyer and Seller acknowledge that they have been made aware of Home Protection Plans that provide coverage to Buyer after COE. Buyer ☒ waives -OR- ☐ requires a Home Protection Plan with _____ ☐ Seller -OR- ☐ Buyer will pay for the Home Protection Plan at a price not to exceed $ _____. Buyer will order the Home Protection Plan. Neither Seller nor Brokers make any representation as to the extent of coverage or deductibles of such plans. ESCROW HOLDER is not responsible for ordering the Home Protection Plan.

H. **OTHER FEES:** Buyer will also pay $ __0__ to Buyer's Broker for _____.

8. **TRANSFER OF TITLE:** Upon COE, Buyer shall tender to Seller the agreed upon Purchase Price, and Seller shall tender to Buyer marketable title to the Property free of all encumbrances other than (1) current real property taxes, (2) covenants, conditions and restrictions (CC&R's) and related restrictions; (3) zoning or master plan restrictions and public utility easements; and (4) obligations assumed and encumbrances accepted by Buyer prior to COE. Buyer is advised the Property may be reassessed after COE which may result in a real property tax increase or decrease.

9. **COMMON-INTEREST COMMUNITIES:** If the Property is subject to a Common Interest Community ("CIC"), Seller or his authorized agent shall request the CIC documents and certificate listed in NRS 116.4109 (collectively, the "resale package") within two (2) business days of Acceptance and provide the same to Buyer within one (1) business day of Seller's receipt thereof. Buyer may cancel this Agreement without penalty until midnight of the fifth (5th) calendar day following the date of receipt of the resale package. If Buyer does not receive the resale package within fifteen (15) calendar days of Acceptance, this Agreement may be cancelled in full by Buyer without penalty. If Buyer elects to cancel this Agreement pursuant to this section, he must deliver, via hand delivery or prepaid U.S. mail, a written notice of cancellation to Seller or his authorized agent identified in the Confirmation of Representation at the end of this Agreement. Upon such written cancellation, Buyer shall promptly receive a refund of the EMD. The parties agree to execute any documents requested by ESCROW HOLDER to facilitate the refund. If written cancellation is not received within the specified time period, the resale package will be deemed approved. Seller shall pay all outstanding CIC fines or penalties at COE.

10. **DISCLOSURES:** Within five (5) calendar days of Acceptance of this Agreement, Seller will provide the following Disclosures and/or documents (each of which is incorporated herein by this reference). Check applicable boxes:

☒ Construction Defect Claims Disclosure, if Seller has marked "Yes" to Paragraph 1(d) of the Seller Real Property Disclosure Form (NRS 40.688)

☒ Fungal (Mold) Notice Form (not required by Nevada law)

☐ Lead-Based Paint Disclosure and Acknowledgment, required if constructed before 1978 (24 CFR 745.113)

☐ Methamphetamine Lab Disclosure, if applicable (NRS 40.770, NRS 489.776)

☐ Pest Notice Form (not required by Nevada law)

☐ Promissory Note and the most recent monthly statement of all loans to be assumed by Buyer

☐ Rangeland Disclosure (NRS 113.065)

☒ Seller Real Property Disclosure Form (NRS 113.130)

☐ Other (list) _____

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name: O C F Properties LLC,      BUYER(S) INITIALS: ____/____
Property Address: 901 Billings Street Henderson, NV 89002      SELLER(S) INITIALS: ____/____
Rev. 6/09          ©2009 Greater Las Vegas Association of REALTORS®         Page 5 of 11

11. **ADDITIONAL DISCLOSURES:**

   A. **LICENSEE DISCLOSURE OF INTEREST:** Pursuant to NAC 645.640, _____ is a licensed real estate agent in the State(s) of _____, and has the following interest, direct or indirect, in this transaction: ☐ Principal (Seller or Buyer) -OR- ☐ family relationship or business interest: _____

   B. In addition, for NEW CONSTRUCTION, to the extent applicable, Seller will provide: Public Offering Statement (NRS 116.4108); Electric Transmission Lines (NRS 119.1835); Public Services and Utilities (NRS 119.183); Initial Purchaser Disclosure (NRS 113); Construction Recovery Fund (NRS 624); Gaming Corridors (NRS 113.070); Water/Sewage (NRS 113.060); Impact Fees (NRS 278B.320); Surrounding Zoning Disclosure (NRS 113.070); FTC Insulation Disclosure (16 CFR 460.16); and Other: n/a

   C. **AIRPORT NOISE:** Buyer hereby acknowledges the proximity of various overflight patterns, airports (municipal, international, military and/or private) and helipads. Buyer also fully understands that existing and future noise levels at this location, associated with existing and future airport operations, may affect the livability, value and suitability of the Property for residential use. Buyer also understands that these airports have been at their present location for many years, and that future demand and airport operations may increase significantly. For further information, contact your local department of aviation or the Federal Aviation Administration.

   D. **FEDERAL FAIR HOUSING COMPLIANCE AND DISCLOSURES:** All properties are offered without regard to race, color, religion, sex, national origin, ancestry, handicap or familial status and any other current requirements of federal or state fair housing law.

   E. In addition, Buyer acknowledges receipt of:
   - Residential Disclosure Guide (NRS 645.194)
   - Consent to Act, if applicable (NRS 645.252)
   - Duties Owed by a Nevada Real Estate Licensee (if one party is unrepresented) (NRS 645.252)
   - For Your Protection - Get Home Inspection (HUD 92564-CN) For FHA Loans

12. **BUYER'S DUE DILIGENCE:**

   A. **DUE DILIGENCE PERIOD:** Buyer shall have ___30___ calendar days from Acceptance to complete Buyer's Due Diligence. Buyer shall ensure that all inspections and certifications are initiated in a timely manner as to complete the Due Diligence in the time outlined herein. (If utilities are not supplied by the deadline referenced herein or if the disclosures are not delivered to Buyer by the deadline referenced herein, then Buyer's Due Diligence Period will be extended by the same number of calendar days that Seller delayed supplying the utilities or delivering the disclosures, whichever is longer.) During this period Buyer shall have the exclusive right at Buyer's discretion to cancel this Agreement. In the event of such cancellation, unless otherwise agreed herein, the EMD will be refunded to Buyer. If Buyer provides Seller with notice of objections, the Due Diligence Period will be extended by the same number of calendar days that it takes Seller to respond in writing to Buyer's objections. If Buyer fails to cancel this Agreement within the Due Diligence Period (as it may be extended), Buyer will be deemed to have waived the right to cancel under this section.

   B. **PROPERTY INSPECTION/CONDITION:** During the Due Diligence Period, Buyer shall take such action as Buyer deems necessary to determine whether the Property is satisfactory to Buyer including, but not limited to, whether the Property is insurable to Buyer's satisfaction, whether there are unsatisfactory conditions surrounding or otherwise affecting the Property (such as location of flood zones, airport noise, noxious fumes or odors, environmental substances or hazards, whether the Property is properly zoned, locality to freeways, railroads, places of worship, schools, etc.) or any other concerns Buyer may have related to the Property. During such Period, Buyer shall have the right to have non-destructive inspections of all structural, roofing, mechanical, electrical, plumbing, heating/air conditioning, water/well/septic, pool/spa, survey, square footage, and any other property or systems, through licensed and bonded contractors or other qualified professionals. Seller agrees to provide reasonable access to the Property to Buyer and Buyer's inspectors. Buyer agrees to indemnify and hold Seller harmless with respect to any injuries suffered by Buyer or third parties present at Buyer's request while on Seller's Property conducting such inspections, tests or walk-throughs. Buyer's indemnity shall not apply to any injuries suffered by Buyer or third parties present at Buyer's request that are the result of an intentional tort, gross negligence or any misconduct or omission by Seller, Seller's Agent or other third parties on the Property. Buyer is advised to consult with appropriate professionals regarding neighborhood or Property conditions, including but not limited to: schools, proximity and

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name: O C F Properties LLC,    BUYER(S) INITIALS: ___/___
Property Address: 901 Billings Street, Henderson, NV 89002    SELLER(S) INITIALS: ___/___
Rev. 6/09    ©2009 Greater Las Vegas Association of REALTORS®    Page 6 of 11
Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com
Carlos Moyano.

adequacy of law enforcement; proximity to commercial, industrial, or agricultural activities; crime statistics; fire protection; other governmental services; existing and proposed transportation; construction and development; noise or odor from any source; and other nuisances, hazards or circumstances. If Buyer cancels this Agreement due to a specific inspection report, Buyer shall provide Seller at the time of cancellation with a copy of the report containing the name, address, and telephone number of the inspector.

C. PRELIMINARY TITLE REPORT: Within ten (10) business days of Opening of Escrow, Title Company shall provide Buyer with a Preliminary Title Report ("PTR") to review, which must be approved or rejected within five (5) business days of receipt thereof. If Buyer does not object to the PTR within the period specified above, the PTR shall be deemed accepted. If Buyer makes an objection to any item(s) contained within the PTR, Seller shall have five (5) business days after receipt of objections to correct or address the objections. If, within the time specified, Seller fails to have each such exception removed or to correct each such other matter as aforesaid, Buyer shall have the option to: (a) terminate this Agreement by providing notice to Seller and Escrow Officer, entitling Buyer to a refund of the EMD or (b) elect to accept title to the Property as is. All title exceptions approved or deemed accepted are hereafter collectively referred to as the "Permitted Exceptions."

13. WALK-THROUGH INSPECTION OF PROPERTY: Buyer is entitled under this Agreement to a walk-through of the Property within ___2___ calendar days prior to COE to ensure the Property and all major systems, appliances, heating/cooling, plumbing and electrical systems and mechanical fixtures are as stated in Seller's Real Property Disclosure Statement, and that the Property and improvements are in the same general condition as when this Agreement was signed by Seller and Buyer. To facilitate Buyer's walk-through, Seller is responsible for keeping all necessary utilities on. If any systems cannot be checked by Buyer on walk-through due to non-access or no power/gas/water, then Buyer reserves the right to hold Seller responsible for defects which could not be detected on walk-through because of lack of such access or power/gas/water. The purpose of the walk-through is to confirm (a) the Property is being maintained (b) repairs, if any, have been completed as agreed, and (c) Seller has complied with Seller's other obligations. If Buyer elects not to conduct a walk-through inspection prior to COE, then all systems, items and aspects of the Property are deemed satisfactory, and Buyer releases Seller's liability for costs of any repair that would have reasonably been identified by a walk-through inspection, except as otherwise provided by law.

14. DELIVERY OF POSSESSION: Seller shall deliver the Property along with any keys, alarm codes, parking permits (if freely transferable), gate transponders and garage door opener/controls outside of Escrow, upon COE. Seller agrees to vacate the Property and leave the Property in a neat and orderly, broom-clean condition and tender possession no later than ☒ COE -OR- ☐ _____ . In the event Seller does not vacate the Property by this time, Seller shall be considered a trespasser and shall be liable to Buyer for the sum of $ __50.00__ per calendar day in addition to Buyer's legal and equitable remedies. Any personal property left on the Property after the date indicated in this section shall be considered abandoned by Seller.

15. RISK OF LOSS: Risk of loss shall be governed by NRS 113.040. This law provides generally that if all or any material part of the Property is destroyed before transfer of legal title or possession, Seller cannot enforce the Agreement and Buyer is entitled to recover any portion of the sale price paid. If legal title or possession has transferred, risk of loss shall shift to Buyer.

16. ASSIGNMENT OF THIS AGREEMENT: Unless otherwise stated herein, this Agreement is non-assignable by Buyer.

17. CANCELLATION OF AGREEMENT: In the event this Agreement is properly cancelled in accordance with the terms contained herein, then Buyer will be entitled to a refund of the EMD. Neither Buyer nor Seller will be reimbursed for any expenses incurred in conjunction with due diligence, inspections, appraisals or any other matters pertaining to this transaction (unless otherwise provided herein).

18. DEFAULT:
   A. MEDIATION: Before any legal action is taken to enforce any term or condition under this Agreement, the parties agree to engage in mediation, a dispute resolution process, through GLVAR. Not withstanding the foregoing, in the event the Buyer finds it necessary to file a claim for specific performance, this section shall not apply.

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name: ___O C F Properties LLC___   BUYER(S) INITIALS: _____
Property Address: ___901 Billings Street Henderson, NV 89002___   SELLER(S) INITIALS: _____
Rev. 6/09    ©2009 Greater Las Vegas Association of REALTORS®

Page 7 of 11

Carlos Moyano,

1  B. **IF BUYER DEFAULTS:** If Buyer defaults in performance under this Agreement, Seller shall have one of
2  the following legal recourses against Buyer (check one only):

3  ☒ As Seller's sole legal recourse, Seller may retain, as liquidated damages, the EMD. In this respect, the Parties
4  agree that Seller's actual damages would be difficult to measure and that the EMD is in fact a reasonable estimate
5  of the damages that Seller would suffer as a result of Buyer's default. Seller understands that any additional
6  deposit not considered part of the EMD in Section 1(B) herein will be immediately released by ESCROW
7  HOLDER to Buyer.
8                                               -OR-
9  ☐ Seller shall have the right to recover from Buyer all of Seller's actual damages that Seller may suffer as a result of
10 Buyer's default including, but not limited to, commissions due, expenses incurred until the Property is sold to a
11 third party and the difference in the sales price.
12
13 C. **IF SELLER DEFAULTS:** If Seller defaults in performance under this Agreement, Buyer reserves all legal
14 and/or equitable rights (such as specific performance) against Seller, and Buyer may seek to recover Buyer's actual
15 damages incurred by Buyer due to Seller's default.
16

### Instructions to Escrow

17 19. **ESCROW:** If this Agreement or any matter relating hereto shall become the subject of any litigation or controversy,
18 Buyer and Seller agree, jointly and severally, to hold ESCROW HOLDER free and harmless from any loss or expense, except
19 losses or expenses as may arise from ESCROW HOLDER'S negligence or willful misconduct. If conflicting demands are
20 made or notices served upon ESCROW HOLDER with respect to this Agreement, the parties expressly agree that Escrow is
21 entitled to file a suit in interpleader and obtain an order from the Court authorizing ESCROW HOLDER to deposit all such
22 documents and monies with the Court, and obtain an order from the Court requiring the parties to interplead and litigate their
23 several claims and rights among themselves. Upon the entry of an order authorizing such Interpleader, ESCROW HOLDER
24 shall be fully released and discharged from any obligations imposed upon it by this Agreement; and ESCROW HOLDER shall
25 not be liable for the sufficiency or correctness as to form, manner, execution or validity of any instrument deposited with it, nor
26 as to the identity, authority or rights of any person executing such instrument, nor for failure of Buyer or Seller to comply with
27 any of the provisions of any agreement, contract or other instrument filed with ESCROW HOLDER or referred to herein.
28 ESCROW HOLDER'S duties hereunder shall be limited to the safekeeping of all monies, instruments or other documents
29 received by it as ESCROW HOLDER, and for their disposition in accordance with the terms of this Agreement. In the event
30 an action is instituted in connection with this escrow, in which ESCROW HOLDER is named as a party or is otherwise
31 compelled to make an appearance, all costs, expenses, attorney fees, and judgments ESCROW HOLDER may expend or incur
32 in said action, shall be the responsibility of the parties hereto.
33
34 20. **UNCLAIMED FUNDS:** In the event that funds from this transaction remain in an account held by ESCROW
35 HOLDER, for such a period of time that they are deemed "abandoned" under the provisions of Chapter 120A of the Nevada
36 Revised Statutes, ESCROW HOLDER is hereby authorized to impose a charge upon the dormant escrow account. Said charge
37 shall be no less than $5.00 per month and may not exceed the highest rate of charge permitted by statute or regulation.
38 ESCROW HOLDER is further authorized and directed to deduct the charge from the dormant escrow account for as long as the
39 funds are held by ESCROW HOLDER.
40

### Brokers

41 21. **BROKER FEES:** Buyer herein requires, and Seller agrees, as a condition of this Agreement, that Seller will pay
42 Listing Broker and Buyer's Broker, who becomes by this clause a third party beneficiary to this Agreement, that certain sum or
43 percentage of the Purchase Price (commission), that Seller, or Seller's Broker, offered for the procurement of ready, willing
44 and able Buyer via the Multiple Listing Service, any other advertisement or written offer. Seller understands and agrees that if
45 Seller defaults hereunder, Buyer's Broker, as a third-party beneficiary of this Agreement, has the right to pursue all legal
46 recourse against Seller for any commission due.
47
48 22. **WAIVER OF CLAIMS:** Buyer and Seller agree that they are not relying upon any representations made by Brokers
49 or Broker's agent. Buyer acknowledges that at COE, the Property will be sold AS-IS, WHERE-IS without any representations

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name: _____O C F Properties LLC,_____ BUYER(S) INITIALS: ____/____
Property Address: ____901 Billings Street____
                   ____Henderson, NV 89002____ SELLER(S) INITIALS: ____/____
Rev. 6/09          ©2009 Greater Las Vegas Association of REALTORS®         Page 8 of 11

Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

Carlos Moyano.

1  or warranties, unless expressly stated herein. Buyer agrees to satisfy himself, as to the condition of the Property, prior to COE.
2  Buyer acknowledges that any statements of acreage or square footage by Brokers are simply estimates, and Buyer agrees to
3  make such measurements, as Buyer deems necessary, to ascertain actual acreage or square footage. Buyer waives all claims
4  against Brokers or their agents for (a) defects in the Property; (b) inaccurate estimates of acreage or square footage; (c)
5  environmental waste or hazards on the Property; (d) the fact that the Property may be in a flood zone; (e) the Property's
6  proximity to freeways, airports or other nuisances; (f) the zoning of the Property; (g) tax consequences; or (h) factors related to
7  Buyer's failure to conduct walk-throughs or inspections. Buyer assumes full responsibility for the foregoing and agrees to
8  conduct such tests, walk-throughs, inspections and research, as Buyer deems necessary. In any event, Broker's liability is
9  limited, under any and all circumstances, to the amount of that Broker's commission/fee received in this transaction.
10

### Other Matters

11 23.  DEFINITIONS: "Acceptance" means the date that both parties have consented to and received a final, binding
12 contract by affixing their signatures to this Agreement and all counteroffers. "Agent" means a licensee working under a Broker
13 or licensees working under a developer. "Agreement" includes this document as well as all accepted counteroffers and
14 addenda. "Bona Fide" means genuine. "Buyer" means one or more individuals or the entity that intends to purchase the
15 Property. "Broker" means the Nevada licensed real estate broker listed herein representing Seller and/or Buyer (and all real
16 estate agents associated therewith). "Business Day" excludes Saturdays, Sundays, and legal holidays. "Calendar Day" means
17 a calendar day from/to midnight unless otherwise specified. "CFR" means the Code of Federal Regulations. "CIC" means
18 Common Interest Community (formerly known as "HOA" or homeowners associations). "CIC Capital Contribution" means
19 a one-time non-administrative fee, cost or assessment charged by the CIC upon change of ownership. "CIC Transfer Fees"
20 means the administrative service fee charged by a CIC to transfer ownership records. "CLUE" means Comprehensive Loss
21 Underwriting Exchange. "Close of Escrow (COE)" means the time of recordation of the deed in Buyer's name. "Default"
22 means the failure of a Party to observe or perform any of its material obligations under this Agreement. "Delivered" means
23 personally delivered to Parties or respective Agents, transmitted by facsimile machine, electronic means, overnight delivery, or
24 mailed by regular mail. "Down Payment" is the Purchase Price less loan amount(s). "EMD" means Buyer's earnest money
25 deposit. "Escrow Holder" means the neutral party that will handle the escrow. "FHA" is the U.S. Federal Housing
26 Administration. "GLVAR" means the Greater Las Vegas Association of REALTORS®. "IRC" means the Internal Revenue
27 Code (tax code). "LID" means Limited Improvement District. "N/A" means not applicable. "NAC" means Nevada
28 Administrative Code. "NRS" means Nevada Revised Statues as Amended. "Party" or "Parties" means Buyer and Seller.
29 "PITI" means principal, interest, taxes, and hazard insurance. "PMI" means private mortgage insurance. "PST" means
30 Pacific Standard Time, and includes daylight savings time if in effect on the date specified. "PTR" means Preliminary Title
31 Report. "Property" means the real property and any personal property included in the sale as provided herein. "Receipt"
32 means delivery to the party or the party's agent. "Seller" means one or more individuals or the entity that is the owner of the
33 Property. "SID" means Special Improvement District. "Title Company" means the company that will provide title insurance.
34 "USC" is the United States Code. "VA" is the Veterans Administration.
35
36 24.  DELIVERY, FACSIMILE, COPIES AND NOTICES:
37     A.  Delivery of all instruments or documents associated with this Agreement shall be delivered to the Agent for
38 Seller or Buyer if represented. This Agreement may be signed by the parties on more than one copy, which, when taken
39 together, each signed copy shall be read as one complete form. Facsimile signatures may be accepted as original.
40
41     B.  Except as otherwise provided in Section 9, when a Party wishes to provide notice as required in this
42 Agreement, such notice shall be sent regular mail, personal delivery, by facsimile, overnight delivery and/or by email to the
43 Agent for that Party. The notification shall be effective when postmarked, received, faxed, delivery confirmed, and/or read
44 receipt confirmed in the case of email. Any cancellation notice shall be contemporaneously faxed to Escrow.
45
46 25.  IRC 1031 EXCHANGE: Seller and/or Buyer may make this transaction part of an IRC 1031 exchange. The party
47 electing to make this transaction part of an IRC 1031 exchange will pay all additional expenses associated therewith, at no cost
48 to the other party. The other party agrees to execute any and all documents necessary to effectuate such an exchange.
49
50 26.  OTHER ESSENTIAL TERMS: Time is of the essence. No change, modification or amendment of this Agreement
51 shall be valid or binding unless such change, modification or amendment shall be in writing and signed by each party. This
52 Agreement will be binding upon the heirs, beneficiaries and devisees of the parties hereto. This Agreement is executed and
53 intended to be performed in the State of Nevada, and the laws of that state shall govern its interpretation and effect. The parties
54 agree that the county and state, in which the Property is located is the appropriate forum for any action relating to this

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a
particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name: _O C F Properties LLC_    BUYER(S) INITIALS: ___/___
Property Address: 901 Billings Street
Henderson, NV  89002    SELLER(S) INITIALS: ___/___
Rev. 6/09    ©2009 Greater Las Vegas Association of REALTORS®    Page 9 of 11
Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com
Carlos Moyano.

Agreement. Should any party hereto retain counsel for the purpose of initiating litigation to enforce or prevent the breach of any provision hereof, or for any other judicial remedy, then the prevailing party shall be entitled to be reimbursed by the losing party for all costs and expenses incurred thereby, including, but not limited to, reasonable attorneys fees and costs incurred by such prevailing party.

THIS IS A LEGALLY BINDING CONTRACT. All parties are advised to seek independent legal and tax advice to review the terms of this Agreement.

NO REAL ESTATE BROKER/AGENT MAY SIGN FOR A PARTY TO THIS AGREEMENT UNLESS THE BROKER OR AGENT HAS A PROPERLY EXECUTED POWER OF ATTORNEY TO DO SO.

THIS FORM HAS BEEN APPROVED BY THE GREATER LAS VEGAS ASSOCIATION OF REALTORS® (GLVAR). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

This form is available for use by the real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

27. ADDENDUM(S) ATTACHED: short sale addendum

28. ADDITIONAL TERMS: 1) Buyer has the right to rescend this offer @ any time prior to receiving written notification that the lender has approved this contract 2) Buyer will deposit Earnest Money with title company with in 3 business days following confirmation of lenders approval. 3) Seller acknowledges that buyer is purchasing property for profit and reserves the right to re-sell subject property after close of escrow @ anytime. 4) Buyer and seller acknlegdge property is in Bankruptcy and will require Bankruptcy court approval to consummate sale.

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name: O C F Properties LLC,,    BUYER(S) INITIALS: ____/____
Property Address: 901 Billings Street
Henderson, NV 89002    SELLER(S) INITIALS: ____/____

Rev. 6/09    ©2009 Greater Las Vegas Association of REALTORS®    Page 10 of 11
Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com
Carlos Moyano.

### Earnest Money Receipt

1.
2. BUYER'S AGENT ACKNOWLEDGES RECEIPT FROM BUYER HEREIN of the sum of $ 500.00
3. evidenced by ☐ Cash,  ☐ Cashier's Check, ☐ Personal Check, or ☒ Other  company check
4. payable to  Sterling Escrow                . Upon Acceptance, Earnest Money to be deposited within ONE (1) business
5. day, with ☒ Escrow Holder, ☐ Buyer's Broker's Trust Account, - OR - ☐ Seller's Broker's Trust Account
6.
7. Date: 07/10/2009    Signed: _____ Buyer's Agent.
8.                              David Kohanski
9.

### Buyer's Acknowledgement of Offer

10.
11. Upon Acceptance, Buyer agrees to be bound by each provision of this Agreement, and all signed addenda, disclosures, and
12. attachments.
13.
14.
15. Buyer's Signature _____  Buyer's Printed Name: O C F Properties LLC,   Date: 07/10/2009   Time: ___ ☐ AM ☐ PM
16.
17.
18. Buyer's Signature _____  Buyer's Printed Name _____   Date ____   Time ___ ☐ AM ☐ PM
19.
20. Seller must respond by: 5:00 ☐ AM ☒ PM on (month) July, (day) 15, (year) 2009. Unless this
21. Agreement is accepted, rejected or countered below and delivered to the Buyer's Broker before the above date and
22. time, this offer shall lapse and be of no further force and effect.
23.
24. Confirmation of Representation: The Buyer is represented in this transaction by:
25.
26. Buyer's Broker: Mark A. Hall                         Agent's Name: David Kohanski
27. Company Name: Southwestern Mgmt And Realty Team     Office Address: 2620 Regatta Drive Suite 102
28. Phone: (702) 400-6830                               Fax: (702) 925-8754
29. Email: _____
30.
31.

### Seller's Response

32.
33. ☒ ACCEPTANCE: Seller(s) acknowledges that he/she accepts and agrees to be bound by each provision of this Agreement,
34. and all signed addenda, disclosures, and attachments.
35. ☐ COUNTER OFFER: Seller accepts the terms of this Agreement subject to the attached Counter Offer #1.
36. ☐ REJECTION: In accordance with NAC 645.632, Seller hereby informs Buyer the offer presented herein is not accepted.
37.
38.
39. Seller's Signature _____  Seller's Printed Name: Carlos Moyano   Date: 07-11-09   Time: 2:00 ☐ AM ☒ PM
40.
41.
42.
43. Seller's Signature _____  Seller's Printed Name _____   Date ____   Time ___ ☐ AM ☐ PM
44.
45. Confirmation of Representation: The Seller is represented in this transaction by:
46.
47. Seller's Broker: Mark A. Hall                         Agent's Name: Cynthia Hall
48. Company Name: Southwestern Mgmt And Realty Team     Office Address: 2620 Regatta Drive Suite 102
49. Phone: (702) 750-9725                               Fax: (702) 925-8754
50. Email: cindi.hall@managevegas.com

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name: O C F Properties LLC,                    BUYER(S) INITIALS: ____
Property Address: 901 Billings Street
                  Henderson, NV 89002                   SELLER(S) INITIALS: ____

Rev. 6/09                ©2009 Greater Las Vegas Association of REALTORS®                  Page 11 of 11
Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com     Carlos Moyano

# SHORT SALE ADDENDUM
# TO PURCHASE AGREEMENT



In reference to the Purchase Agreement executed by <u>O C F Properties LLC</u>, _____ as Buyer(s) and <u>Carlos Moyano</u> _____ as Seller(s), dated <u>July 10, 2009</u> covering the real property at <u>901 Billings Street, Henderson, NV  89002</u> the [X] Buyer ☐ Seller hereby proposes that the Purchase Agreement be amended as follows:

1. **Contingent on Lender Approval.** Buyer and Seller acknowledge that the Purchase Price is less than the amount of Seller's loan(s) against the property due and owing to one or more lender(s) and/or lienholder(s) (collectively, "Lender"). Such a transaction is called a "short sale." Therefore, the Purchase Agreement is contingent upon Seller and/or Seller's Agent obtaining approval from Lender ("Lender Approval") to accept an amount less than what is owed on the Property. Seller shall reasonably cooperate with Lender in the short sale process by providing such documentation as may be required by Lender. Buyer and Seller understand that Lender Approval may take several weeks or months to obtain, and neither the Seller, the Escrow Holder nor the Brokers can guarantee the timeliness of Lender's review, approval or rejection.

2. **Notice of Lender Approval.** Seller agrees to provide Buyer with written notice of Lender Approval within one (1) business day of Seller's receipt of the approval.

3. **Time Periods.** All time periods specified in the Purchase Agreement for due diligence, disclosures, inspections, other contingencies and other obligations shall begin (check one):
☐ as stated in the Purchase Agreement;
☐ one (1) calendar day after Buyer's receipt of the written notice of Lender Approval;
—OR—
[X] Other <u>begins when written approval is given to buyer.</u>

4. **Close of Escrow.** Close of Escrow shall occur thirty (30) calendar days after Buyer's receipt of the written notice of Lender Approval.

5. **No Guarantee of Lender Approval.** Buyer and Seller understand that no Lender is required or obligated to accept a short sale, and that Lender Approval may be revoked at any time prior to Close of Escrow. In addition, the Parties understand that Lender may require that in exchange for approval some terms of the Purchase Agreement be amended. The Buyer and Seller are not obligated to agree to any of Lender's proposed terms; in such event, the Purchase Agreement shall be void and the Parties agree to execute cancellation instructions with ESCROW HOLDER and return EMD to Buyer. NEITHER THE BUYER, THE SELLER, THE ESCROW HOLDER NOR THE BROKERS IN THIS TRANSACTION HAVE ANY CONTROL OVER LENDER APPROVAL, OR ANY ACT, OMISSION OR DECISION BY ANY LENDER IN THE SHORT SALE PROCESS.

6. **Other Offers.** Buyer and Seller acknowledge that the Seller's Agent is required by the Multiple Listing Service to place the property in "Contingent" status after the Purchase Agreement is executed, while the transaction is subject to Lender Approval. The Parties understand that additional offers may be received by the Seller's Agent, which must be presented to the Seller pursuant to Nevada law. Such offers may be accepted by the Seller and forwarded to Lender for review and approval. In such an event, the Parties agree to seek independent legal counsel to determine their rights and obligations.

Buyer Initials: [____][____]    Page 1 of 2    Seller Initials: [____][____]
Short Sale Addendum to Purchase Agreement 4/08    © 2008 Greater Las Vegas Association of REALTORS®
Southwestern Management and Re 3620 Repatr 102, Las Vegas NV 89126
SMART    Phone: 7023507035    Fax: 7025258754    Carlos Moyano
Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com

7.  **Buyer's Right to Cancel.** Buyer may cancel the Purchase Agreement at any time prior to receipt of the Lender Approval, for any reason and without penalty. Upon Buyer's cancellation, Seller agrees to execute cancellation instructions with ESCROW HOLDER and return EMD to Buyer.

8.  **Foreclosure.** Seller warrants that, at the time of the Purchase Agreement, a Notice of Default and Election to Sell ☐ has not —OR— ☒ has (date: ___June 15, 2009___) been recorded against the Property. The Parties understand that the recording of a Notice of Default begins a statutory foreclosure period, which lasts a minimum of three (3) months and twenty (20) days. Buyer and Seller understand that if Close of Escrow does not occur before a foreclosure sale of the Property, Seller will lose all rights and interest in the Property. The Purchase Agreement shall be void, and the Parties agree to execute cancellation instructions with ESCROW HOLDER and return EMD to Buyer. Information regarding the foreclosure status of a property is available from the County Recorder of the county where the Property is located.

9.  **Tax Consequences and Advice.** Seller agrees to seek advice from an attorney, a certified public accountant or other professional regarding the credit, legal and tax consequences of a short sale.

10. **Unfulfilled Contingency.** If the Lender rejects the short sale, Seller will promptly notify Buyer of the rejection and the Purchase Agreement shall be void due to the unfulfilled contingency. The Parties agree to execute cancellation instructions with ESCROW HOLDER and return EMD to the Buyer.

11. Other Terms and Conditions: _____

All other terms of the Purchase Agreement, including all prior counteroffers and addenda not modified by this Addendum shall remain the same. To the extent that any terms of this Addendum are in conflict with the Purchase Agreement, this Addendum will control. WHEN PROPERLY COMPLETED, THIS IS A BINDING CONTRACT. IF YOU DO NOT FULLY UNDERSTAND ITS CONTENTS, SEEK COMPETENT LEGAL AND TAX COUNSEL BEFORE SIGNING.

☒ Buyer ☐ Seller  O C F Properties LLC,  Date: July 10, 2009

☐ Buyer ☐ Seller  Time: _____

Acceptance:

☐ Buyer ☒ Seller  Carlos Moyano  Date: 07-11-09

☐ Buyer ☐ Seller  Time: _____

Prepared by: _____
Agent's Name Robert Lukowski   Phone: _____

Buyer Initials: [___] [___]   Page 2 of 2   Seller Initials: [CM] [___]
Short Sale Addendum to Purchase Agreement 4/08   © 2008 Greater Las Vegas Association of REALTORS®

Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com   Carlos Moyano.

ADDENDUM NO. __1__
TO PURCHASE AGREEMENT



In reference to the Purchase Agreement executed by **O C F Properties LLC,,** _____ as Buyer(s) and **Carlos Moyano** _____ as Seller(s), dated **July 10, 2009** covering the real property at **901 Billings Street, Henderson, NV 89002** _____, the ☒ Buyer ☐ Seller hereby proposes that the Purchase Agreement be amended as follows:

**Sales price to be $ 118,000.00 all other terms and conditions to remain the same.**

When executed by both parties, this Addendum is made an integral part of the aforementioned Purchase Agreement.

WHEN PROPERLY COMPLETED, THIS IS A BINDING CONTRACT. IF YOU DO NOT FULLY UNDERSTAND ITS CONTENTS, YOU SHOULD SEEK COMPETENT LEGAL COUNSEL BEFORE SIGNING.

_____    08/18/2009
☒ Buyer ☐ Seller                    Date
O C F Properties LLC,

_____    _____
☐ Buyer ☐ Seller                    Time

Acceptance:
_____    08/18/2009
☐ Buyer ☒ Seller                    Date
Carlos Moyano

_____    _____
☐ Buyer ☐ Seller                    Time

Prepared by: _David Kohanski_____    (702) 750-9725
Agent's Name **David Kohanski**          Phone